## 10519

### MORRIS *ET AL.* v. MORRIS.

#### (104 S. E. 546.)

1. REFERENCE—PRACTICE OF MASTER TAKING TESTIMONY WITHOUT FIND-ING OF FACT NOT FAVORED.—The Supreme Court looks with disfavor on the practice of a master taking testimony without any finding of fact.

2. TRUSTS—EVIDENCE HELD SUFFICIENT TO ESTABLISH RESULTING TRUST. —In an action to declare a resulting trust, evidence *held* to sustain the Circuit Court's finding that there was such a trust, but not an express trust; plaintiff's predecessor having paid the price of the land with intent the beneficial interest should be his.

3. PLEADING—AMENDMENT OF COMPLAINT AS TO QUANTITY OF LAND IN ACTION TO ENFORCE TRUST PROPER.—In an action to declare a result-ing trust, where the proof was plain that the land in issue contained, not 65 acres, as was first alleged, but 81 and a fraction acres, the Court properly allowed plaintiff, pending trial, to amend complaint to conform to proof as to the quantity of land.

Before McIVER, J., Barnwell, October, 1919.   Affirmed.

Action by Arabella Morris *et al.* against Rebecca M. Morris. From judgment for plaintiffs, the defendant appeals.

*Messrs. V. S. Owens* and *Chas. Carroll Simms,* for appellant, cite: *Complaint must distinctly aver every necessary fact, and if an express trust is alleged, it must be proved as alleged:* 22 Enc. Pl. & Pr. 125, and footnote. *Id.* 128. *Intention of person paying the consideration at the time of transfer governs:* 15 A. & E. Enc. Law 1137. *And the evidence must be clear, strong, unequivocal, unmistakable to establish resulting trust:* 2 Pomeroy, sec. 1040; 32 S. C. 595; 6 S. C. 102; 19 S. C. 126; 78 S. C. 490; 80 S. C. 30. *Where there is an express agreement between parties, result-ing trust does not arise:* 90 S. C. 531; 78 S. C. 490.

*Mr. J. O. Patterson, Jr.,* for respondent, cites: *Trust arises by operation of law:* 1 Pom. Eq. Jur., sec. 155. *Trust*

*results in favor of party from whom consideration actually comes:* 3 Pom. Eq. Jur., sec. 1031. *Intention is essential element: Id.,* sec. 1031; 93 S. C. 454. *Proof of resulting trust in land must be clear and convincing:* 51 S. C. 37; 93 S. C. 453; 59 S. C. 467. *May be established by parol:* 3 Pom. Eq. Jur., sec. 1040; 59 S. C. 467; 23 S. C. 251. *Equity furnishes remedy:* 1 Pom. Eq. Jur., secs. 101, 112, 140, 175, 189, 237, 375; 53 S. C. 563; 48 S. C. 175; 80 S. C. 91; 94 S. C. 62. *Findings of fact not shown to be against preponderance of evidenec will not be disturbed:* 92 S. C. 113. *Complaint may be amended to conform to proof at any time before judgment:* 1 Civ. Code 1912, sec. 224; 12 S. C. 173; 50 S. C. 459; 70 S. C. 550; 18 S. C. 305.

October 11, 1920.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The action is to declare a resulting trust. The Circuit Court held that there was such a trust and declared for the plaintiffs, and the defendant has appealed.

One Ardenia Alexander conveyed the land in issue, alleged first to be about 65 acres, to the defendant, Rebecca Morris. The allegation is that the purchase price was paid by Joe D. Morris, a son of the defendant, with the intention on his part that the beneficial interest should reside in him. Joe D. Morris is dead, and the action is brought by his heirs at law. It turns out that the defendant has sold the land to *bona fide* purchasers, and any remedy which the plaintiffs may have must go against the defendant by way of damages.

The master took the testimony without any finding of fact, a practice which we have more than once animadverted upon with disfavor. There are six exceptions, but the brief does not make so many issues and those we consider are the ones made by the brief.

The complaint alleged a resulting trust, and not an express one; and the Circuit Court found that "There is nothing in the pleadings or in the evidence that goes to show that an express trust was intended to be established."

It is true one witness, the widow of Joe Morris, testified, "It was agreed that on his (Joe's) death (the land) was to go to his wife and children;" but the plaintiffs' case in its entirety was rested upon the circumstances that Joe paid for the land, with the intention that the beneficial interest should be his, and that he thereafter occupied and used it as his own for nearly ten years and until he died.

The major issue in the cause arises out of the contention of the defendant, Mrs. Rebecca Morris, that she, and not Joe Morris, paid the purchase price. It is one of fact. Upon that issue the testimony, it is true, is conflicting; but the clear preponderance of it is that Joe paid the purchase price.

That which is at the instant evidenced by writing is superior in probative value to the memory of witnesses. There was a mortgage on the land for all but a fraction of the purchase price, and the mortgagee testified that the mortgage debt was paid to him by Joe Morris, and the check on the bank evidencing the payment was present before the master to show the fact. The bank deposit book of Joe was in evidence, and it showed that he had the funds in bank against which the check was drawn. It is true that the appellant challenged Joe's title to the bank deposit, but with no persuasive argument. The defendant's witnesses testified that the purchase price was paid, not by check, but in cash Betwixt those two contentions we prefer to go with the Circuit Court.

The other suggested circumstance relied upon by the plaintiff is that Joe used the land as his own. There was testimony that Joe leased the land to tenants for three or

more years, and that he received the rent therefor. It is true the defendant's witnesses testified that Joe was acting for Rebecca thereabout; but there is no good ground to upset the conclusion of the Court on that issue.

There is testimony, too, that Joe's parents suggested to him more than once to sell the land when he fell sick, in order that he might get means to recover his health. So much was an admission of Joe's title. We, therefore, affirm the conclusion of the Circuit Court that Joe paid the purchase price with the intent that the beneficial interest should be his.

The last issue made by the appellant is that the Court ought not to have allowed the plaintiff, pending the trial, to amend the complaint to conform to the proof, so as to get relief for 81 acres at $30 per acre, instead of 65 acres at a like price. The proof was plain that the land in issue contained, not 65 acres, as was first alleged, but 81 and a fraction acres. If that be so, and it is not denied, then the amendment was in accord with the truth, and was allowable.

The judgment is affirmed.